UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV281-3-V
(5:03CR13-4-V)

| | |
|---|---|
| **PEDRO CANTU-RIOS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed November 28, 2005 (Document No. 1.)

A review of the record reflects that on October 24, 2003, Petitioner pled guilty to one count of conspiracy to possess a controlled substance. This Court sentenced Defendant on September 7, 2004 to a term of 120 months imprisonment plus eight years supervised release. Judgment was entered October 15, 2004 and Petitioner did not appeal. Petitioner filed the instant § 2255 motion on November 28, 2005, over 13 months after the judgment was entered.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on September 7, 2004 and judgment was entered on October 15, 2004. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment was entered, around October 29, 2004. Therefore Petitioner had until October 29, 2005 to file his § 2255 motion. Petitioner did not file the instant Motion to Vacate until November 28, 2005 – that is, one month after the expiration of the limitations period.

Prior to early 2002, federal district courts routinely dismissed habeas petitions which – like this one – appeared on their face to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se petition to be untimely and the [government] has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation . . . "

Consequently, this Court now shall give the Petitioner twenty (20) days in which to file a document explaining why this Petition should be construed as timely filed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

1) Within twenty (20) days of the date of this Order, the Petitioner shall file a document, explaining why the instant petition should be construed as timely filed.

2. The Clerk shall send a copy of this Order to the Petitioner.

**Signed: December 1, 2005**

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge

Case 5:05-cv-00281-RLV   Document 2   Filed 12/01/2005   Page 5 of 5